**Opinion issued October 22, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00033-CR

———————————

**ERIC ALONZO GREER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 56th District Court**
**Galveston County, Texas**
**Trial Court Case No. 12-CR-3333**

---

## MEMORANDUM OPINION

A jury convicted Eric Alonzo Greer of felony driving while intoxicated.[1]

The trial court assessed his punishment at five years' confinement, but suspended

the sentence and placed Greer on community supervision for five years. On appeal,

---

[1]     *See* TEX. PENAL CODE ANN. §§ 12.42(a), 49.09(b)(2) (West Supp. 2014).

Greer contends that his conviction should be reversed because the trial court erred by denying his motion to suppress evidence relating to the warrantless blood draw. We reverse the trial court's judgment and remand for a new trial.

## Background

In 2012, Greer was stopped for a traffic violation and was subsequently arrested for DWI. Greer refused to perform any field sobriety tests or provide a breath sample. After confirming that Greer had two prior DWI convictions, DPS Trooper Guerra transported Greer to a hospital where a warrantless blood draw was taken pursuant to Texas Transportation Code section 724.012(b)(3)(B). *See* TEX. TRANSP. CODE ANN. § 724.012(b)(3)(B) (West 2011). Guerra did not attempt to obtain a warrant before transporting Greer to the hospital because he believed that he had authority to proceed immediately with the blood draw pursuant to the statute. After the trial court denied his motion to suppress, Greer proceeded to trial and was convicted of felony DWI.[2] This appeal followed.

## Motion to Suppress

In two points of error, Greer argues that the trial court erred by denying his motion to suppress evidence relating to the warrantless blood draw.

---

[2] The trial court made no findings of fact or conclusions of law regarding Greer's motion to suppress.

## A. Standard of Review and Applicable Law

We review a trial court's denial of a motion to suppress evidence under a bifurcated standard of review. *Turrubiate v. State*, 399 S.W.3d 147, 150 (Tex. Crim. App. 2013). We give almost total deference to a trial court's determination of historical facts, especially if those determinations turn on witness credibility or demeanor, and we review de novo the trial court's application of the law to facts not based on an evaluation of credibility and demeanor. *Gonzales v. State*, 369 S.W.3d 851, 854 (Tex. Crim. App. 2012). At a suppression hearing, the trial court is the sole and exclusive trier of fact and judge of the witnesses' credibility, and it may choose to believe or disbelieve all or any part of the witnesses' testimony. *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002); *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).

When, as here, there are no explicit findings of historical fact, we review the evidence in the light most favorable to the trial court's ruling, assuming that the trial court made implicit findings of fact supported in the record that buttress its ruling. *Carmouche v. State*, 10 S.W.3d 323, 327–28 (Tex. Crim. App. 2000). We will uphold the court's ruling if it is correct under any theory of law applicable to the case. *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005).

A blood draw conducted at the direction of a law enforcement officer is a search subject to the reasonableness requirement of the Fourth

Amendment. *Schmerber v. California*, 384 U.S. 757, 767, 86 S. Ct. 1826, 1834 (1966); *State v. Villarreal*, No. PD–0306–14, 2014 WL 6734178, at \*9 (Tex. Crim. App. Nov. 26, 2014) (reh'g granted). A warrantless search of a person is unreasonable unless it falls within a recognized exception to the warrant requirement. *Villarreal*, 2014 WL 6734178, at \*8 (citing *Missouri v. McNeely*, 133 S. Ct. 1552, 1558 (2013)); *see also Katz v. United States*, 389 U.S. 347, 357, 88 S. Ct. 507, 514 (1967) (holding that warrantless search or seizure is per se unreasonable unless it falls under recognized exception to warrant requirement). The State carries the burden to prove that an exception to the warrant requirement applies. *See Gutierrez v. State*, 221 S.W.3d 680, 685 (Tex. Crim. App. 2007).

**B.      Warrantless Blood Draw**

In his first point of error, Greer argues that the trial court erred by denying his motion to suppress because the Transportation Code's mandatory blood draw provision with its implied consent for a blood draw constitutes an exception to the warrant requirement and there are no other applicable exceptions. The State argues that whether the statute and implied consent provision provide an exception to the requirement is currently "unsettled," and that even if the warrantless blood draw violated Greer's Fourth Amendment rights, the trial court was nevertheless correct in refusing to exclude the blood analysis results because the evidence was not

4

subject to exclusion under either the federal exclusionary rule or the Texas exclusionary rule set out in Texas Code of Criminal Procedure Article 38.23.

Specifically, the State contends that the federal exclusionary rule does not bar admission of the blood analysis results in this case because Trooper Guerra relied in "good faith" on the mandatory blood draw statute and on existing judicial precedent when he seized Greer's blood sample in 2012. *See Davis v. United States*, 131 S. Ct. 2419, 2423–24 (2011) (stating that officer's good-faith reliance on binding case law is exception to federal exclusionary rule); *Illinois v. Krull*, 480 U.S. 340, 360, 107 S. Ct. 1160, 1172 (1987) (stating that officer's good faith reliance on statute is exception to federal exclusionary rule). The State further contends that we should recognize a similar exception with respect to Article 38.23.

This Court has previously held that the challenged statutory provisions do not constitute an exception to the warrant requirement. *See Gore v. State*, 451 S.W.3d 182, 193 (Tex. App.—Houston [1st Dist.] 2014, pet. filed); *State v. Tercero*, 467 S.W.3d 1, 4 (Tex. App.—Houston [1st Dist.] 2015, pet. filed). Until this Court overrules these cases or the Court of Criminal Appeals overturns them, *Gore* and *Tercero* are binding precedent. *See Swilley v. McCain*, 374 S.W.2d 871, 875 (Tex. 1964).

The Texas exclusionary rule, Article 38.23, is broader in scope and provides more protection to a suspect than its federal counterpart. *See Wilson v. State*, 311 S.W.3d 452, 458–59 (Tex. Crim. App. 2010); *see also Weems v. State*, 434 S.W.3d 655, 666 (Tex. App.—San Antonio 2014, pet. granted); *Tercero*, 467 S.W.3d at 10 (citing *Miles v. State*, 241 S.W.3d 28, 34 (Tex. Crim. App. 2007)). Even if evidence is admissible as an exception to the federal rule, it may, nonetheless, still be excluded by Article 38.23. *See Wilson*, 311 S.W.3d at 458 (noting that Article 38.23 "prohibits the use of a much broader category of 'illegally obtained' evidence" than federal rule).

Article 38.23 provides that "[n]o evidence obtained . . . in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case." TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (West 2005). However, unlike the federal rule, the plain language of Article 38.23 only recognizes one good faith exception and that is for "a law enforcement officer acting in objective good faith reliance *upon a warrant* issued by a neutral magistrate based on probable cause." TEX. CODE CRIM. PROC. ANN. art. 38.23(b) (emphasis added). It is undisputed that no such warrant existed in this case, and Article 38.23's explicit good-faith exception is inapplicable to this case.

The State argues that we should also recognize an exception to Article 38.23 that is similar to the federal "good faith" exception because the evidence in this case was obtained as a result of a search conducted by an officer relying upon a presumptively valid statute and case law interpreting it. *See Wilson*, 311 S.W.3d at 458–59 ("The underlying purpose of both the federal exclusionary rule and article 38.23 is the same: to protect a suspect's privacy, property, and liberty rights against overzealous law enforcement."). The Court of Criminal Appeals, however, has recognized that exceptions to the federal exclusionary rule are only applicable to Article 38.23 if they are consistent with the plain language of the statute. *See Tercero*, 467 S.W.3d at 10–11. An exception to Article 38.23 based on an officer's good faith reliance upon anything other than a warrant is inconsistent with the plain language of the Texas exclusionary rule. TEX. CODE CRIM. PROC. ANN. art. 38.23(b) (recognizing exception for officers "acting in objective good faith reliance upon a warrant . . . ."); *see Tercero*, 467 S.W.3d at 10 (declining to expand Article 38.23's "good faith" exception to include situations where officer had good faith belief law justified his actions because such expansion was "inconsistent with the text of article 38.23"); *generally Weems*, 434 S.W.3d at 666 (rejecting argument that officer's good faith reliance on mandatory blood draw and implied consent statutes constituted good faith exception to Article 38.23). Accordingly, we decline to recognize an exception to Article 38.23 that is based on an officer's

7

good faith reliance upon a statute or judicial precedent because such an exception is inconsistent with the plain language of the statute. *See Tercero*, 467 S.W.3d at 10.

**C.    Harm**

We review the harm resulting from a trial court's erroneous denial of a motion to suppress and subsequent admission of evidence obtained in violation of the Fourth Amendment under the constitutional harmless-error standard. TEX. R. APP. P. 44.2(a); *see Hernandez v. State*, 60 S.W.3d 106, 108 (Tex. Crim. App. 2001) (mandating application of rule 44.2(a) to harm analysis of trial court's erroneous denial of motion to suppress under Fourth Amendment). This standard requires us to reverse the trial court's judgment of conviction unless we determine "beyond a reasonable doubt that the error did not contribute to the conviction or punishment." TEX. R. APP. P. 44.2(a). Here, the jury charge instructed the jurors that "[a] person is deemed to be intoxicated within the meaning of the law when he does not have the normal use of his mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body, or having an alcohol concentration of 0.08 or more."

The State presented the testimony of a forensic scientist who testified that Greer's blood sample contained 0.174 grams of ethanol per 100 milliliters and that

8

this amount of alcohol was over twice the legal limit in Texas. Given the testimony regarding the taking of Greer's blood sample and his toxicology results and the jury's instruction that intoxication means, in part, "having an alcohol concentration of 0.08 or more," we cannot determine beyond a reasonable doubt that the error did not contribute to Greer's conviction. *See Perez v. State*, 464 S.W.3d 34, 48 (Tex. App.—Houston [1st Dist.] 2015, pet. filed); *Weems*, 434 S.W.3d at 667. Accordingly, we conclude that the warrantless taking of Greer's blood sample did not fall within a recognized exception to the Fourth Amendment's warrant requirement, and that this error was harmful.

We sustain Greer's first point of error.[3]

## Conclusion

We reverse the trial court's judgment and remand for a new trial consistent with this opinion.


Russell Lloyd
Justice


Panel consists of Justices Keyes, Massengale, and Lloyd.

Do not publish.   TEX. R. APP. P. 47.2(b).

---

[3] In light of our disposition of this appeal, we need not reach Greer's second point of error challenging the constitutionality of Transportation Code section 724.012(b).